UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WALSH,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>JAMES HARTLEY, Warden,<br><br>　　　　Respondent. | NO. CV 11-3018-JST (AGR)<br><br><br>ORDER TO SHOW CAUSE |

　　　　On April 11, 2011, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired and Petitioner has failed to exhaust his state remedies.

　　　　The Court, therefore, orders Petitioner to show cause, on or before **May 23, 2011**, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations or dismissal without prejudice based on failure to exhaust state remedies.

///

///

**I.**

**PROCEDURAL BACKGROUND**

On April 12, 2007, Petitioner pled guilty to failure to register in Case No. NA067745.[1] (Petition at 2.) He was sentenced to six years in state prison. (*Id.*) Petitioner did not appeal. (*Id.* at 2-3.)

On July 16, 2007, Petitioner filed a petition for writ of habeas corpus before the California Court of Appeal. The petition was denied without prejudice because he had not shown that he first sought relief in the Los Angeles County Superior Court. *Walsh v. The People*, Case No. B200548 (online docket).

On February 7, 2008, Petitioner filed a petition for writ of habeas corpus before the California Court of Appeal. On March 6, 2008, the petition was denied. *Walsh v. The People*, Case No. B205539 (online docket).

On May 23, 2008, Petitioner filed a petition for writ of mandate before the California Court of Appeal. The petition was denied without prejudice because Petitioner had not shown that he first sought relief in the Los Angeles County Superior Court. *Walsh v. Superior Court*, Case No. B208039 (online docket).

On August 13, 2008, Petitioner filed a petition for writ of habeas corpus before the California Court of Appeal. The petition was denied on August 22, 2008. (Petition at 4-5 & attachment, Case No. B209929.)

On April 30, 2010, Petitioner filed a petition for writ of habeas corpus in Los Angeles County Superior Court. That petition was denied on February 17, 2011. (Petition at 3-4 & attachment.)

On March 30, 2011, Petitioner signed the Petition before this court. (Petition at 8 & Proof of Service.) Petitioner asserts one ground based on the

---

[1] In Case No. VA019757, Petitioner's parole was revoked in 2006, and he was re-released to parole in 2007. (Attachment to Petition.) Petitioner filed a petition for writ of habeas corpus in that matter, which was denied on February 1, 2008. (Attachment to Petition.) The Petition does not challenge his parole revocation.

2

Double Jeopardy Clause. He appears to contend that double jeopardy precludes him from being convicted and sentenced for absconding from parole and failing to register after his parole was revoked in another criminal matter. (Petition at 5). Petitioner states he has not previously raised this claim to the California Supreme Court. (*Id.*)

## II.
## STATUTE OF LIMITATIONS

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A.   The Date on Which Conviction Became Final

The Petition states that, on April 12, 2007, Petitioner pled guilty to failure to register in Case No. NA067745. Because Petitioner did not appeal, his conviction became final 60 days later on June 11, 2007. California Rules of Court 8.308(a) (formerly Rule 30.1). Accordingly, based on § 2244(d)(1)(A), the one-year statute of limitations expired on June 11, 2008.

### B.   Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, the statute of limitations is not tolled during the interval between the time a conviction becomes final on direct review and the time the first state habeas petition is filed

because there is no case "pending" during that interval. *Thorson v. Palmer,* 479 F.3d 643, 646 (9th Cir. 2007).

Petitioner does not provide any information as to the constructive filing dates of his state habeas petitions. Therefore, for purposes of analyzing the statute of limitations, this court will give Petitioner the benefit of the doubt and assume that the entire time from April 12, 2007 through August 22, 2008 is statutorily tolled. Using this assumption, the one-year statute of limitations expired on August 22, 2009.

Petitioner indicates he filed a petition for writ of habeas corpus before the Los Angeles County Superior Court on April 30, 2010. (Petition at 3-4 & Attachment.) Petitioner does not provide the date on which he handed over this petition to the prison for mailing. Even assuming a reasonable period of one week for mailing, this petition was filed approximately eight months after the statute of limitations had expired. A state habeas petition filed after the limitations period has expired does not toll or revive the expired limitations period. *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003).

### C. **Equitable Tolling**

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control

4

make it *impossible* to file a petition on time'" and '"the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted; emphasis in original).

The Petition does not contain any basis for equitable tolling.

### III.
### EXHAUSTION

The AEDPA provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

The Petition states that the sole ground for relief was not presented to the California Supreme Court. (Petition at 5.) The online docket confirms that Petitioner has not filed a petition before the California Supreme Court.

Thus, the petition appears to be completely unexhausted and is subject to dismissal without prejudice on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

### IV.
### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **May 23, 2011**, Petitioner shall show cause, if there be any, why this Court should not recommend

dismissal with prejudice of the Petition based on expiration of the one-year statute of limitations or dismissal without prejudice based on failure to exhaust state remedies.

***Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the District Court dismiss the Petition, with prejudice, based on expiration of the one-year statute of limitations.***

DATED: April 20, 2011

_____
ALICIA G. ROSENBERG
United States Magistrate Judge